### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITECORE HOLDINGS, INC.,            )<br>                                                              )<br>         Plaintiff,                                   )<br>                                                              )<br>v.                                                         )      Case No. CIV-22-207-SLP<br>                                                              )<br>AMERICAN FARMERS & RANCHERS   )<br>MUTUAL INSURANCE COMPANY,   )<br>an Oklahoma Corporation,                   )<br>                                                              )<br>         Defendant.                                )  | |

| | |
|---|---|
| AMERICAN FARMERS & RANCHERS   )<br>MUTUAL INSURANCE COMPANY,   )<br>an Oklahoma Corporation,                   )<br>                                                              )<br>         Plaintiff,                                   )<br>                                                              )<br>v.                                                         )      Case No. CIV-22-217-SLP<br>                                                              )<br>INTUITIVE WEB SOLUTIONS, LLC,      )<br>and BRITECORE HOLDINGS, INC.,       )<br>                                                              )<br>         Defendants.                              )  | |

### **O R D E R**

Before the Court is Plaintiff's Motion to Consolidate and Brief in Support [Doc. No. 4]. Plaintiff requests that *BriteCore Holdings, Inc. v. Am. Farmers & Ranchers Mut. Ins. Co.,* Case No. CIV-22-207 (the *BriteCore Action*) be consolidated with a related action currently pending before the Court, *Am. Farmers & Ranchers Mut. Ins. Co. v. Intuitive*

*Web Solutions, LLC and BriteCore Holdings, Inc.*, Case No. CIV-22-217-SLP (the *Am. Farmers Action*).[1]  Plaintiff further requests the Court to realign the parties.

Defendant does not object to the request for consolidation with respect to "discovery and hearings."  But Defendant contends whether these matters should be consolidated for trial should be reserved for future ruling.  Defendant also objects to Plaintiff's request for realignment.  *See* Def.'s Resp. [Doc. No. 19].

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court finds consolidation for purposes of discovery and other pretrial matters is proper.  The actions involve common questions of law and fact arising out of certain agreements entered into between the parties.  But the Court agrees with Defendant that any request to consolidate the actions for purposes of trial is premature.  Further, the Court denies Plaintiff's request to realign the parties.  Plaintiff has failed to demonstrate such action is either necessary or proper.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Consolidate [Doc. No. 4] is GRANTED IN PART.  The *BriteCore Action* and the *Am. Farmers Action* are consolidated for discovery purposes only.  Until further order of the Court, the two actions shall proceed together under the consolidated style reflected above and all future filings shall be made only in Case No. CIV-22-207.[2]

---

[1] Intuitive Web Solutions, LLC (Intuitive), a party in the *Am. Farmers Action*, by separate filing as directed by the Court, joins in BriteCore's request for consolidation.  *See* Intuitive's Statements in Support of BriteCore's Motion to Consolidate [Doc. No. 20] (filed in the *BriteCore Action*).

[2] This routine practice of the Court is a matter of administrative convenience so that the Clerk need not maintain two files and no party (or the Court) need make duplicate filings.  The administrative

IT IS FURTHER ORDERED that the Clerk of Court shall administratively close the *Am. Farmers Action*, until further order of the Court.

IT IS SO ORDERED this 6th day of September, 2022.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

closing does not prejudice the right of any party to raise any issue in the consolidated action that was available to that party in the separate case.